**ALVEST, INC., Appellant,**

v.

**SUPERIOR OIL CORPORATION, Appellee.**

**No. 503.**

Supreme Court of Alaska.

Jan. 21, 1965.

Clifford J. Groh and Ronald G. Benkert, Groh & Benkert, Anchorage, for appellant.

Paul F. Robison, Robison, McCaskey & Lewis, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellant was awarded first priority for an oil and gas lease at a non-competitive lease drawing conducted by the state Division of Lands. Appellee was given second priority. Later the Division of Lands cancelled the award to appellant and gave it to appellee for the reason that two of appellant's officers and directors, White and Mueller, had filed applications for themselves in the same drawing. The Division of Lands held that this action on the part of White and Mueller gave appellant more than one chance at the drawing in violation

of an administrative regulation which provided:

"Each drawing shall be conducted in such a manner as the Director shall determine and each applicant shall have only one chance in any one drawing."[1]

The superior court affirmed the decision of the Division of Lands and this appeal followed.

A corporate officer or director stands in a fiduciary relationship to his corporation. Out of this relationship arises the duty of reasonably protecting the interests of the corporation. It is inconsistent with and a breach of such duty for an officer or director to take advantage of a business opportunity for his own personal profit when, applying ethical standards of what is fair and equitable in a particular situation, the opportunity should belong to the corporation. Where a business opportunity is one in which the corporation has a legitimate interest, the officer or director may not take the opportunity for himself. If he does, he will hold all resulting benefit and profit in his fiduciary capacity for the use and benefit of the corporation.[2]

Whether a business opportunity is a corporate one or one within the legitimate scope of the individual interests of the officer or director depends upon the facts and circumstances of each case.[3] Here appellant's chance to be the successful applicant at the lease drawing was a business opportunity in which appellant had expressed a definite interest. That interest was a legitimate one because appellant had made similar applications in previous drawings, and the leasing of oil and gas lands was

within the scope of appellant's corporate activities. This was a corporate opportunity which appellant's officers and directors, White and Mueller, had no right to seek for themselves. If either had been the successful applicant at the drawing he would have held the lease in a fiduciary capacity for the use and benefit of appellant. This means that appellant did not have only one chance at the drawing, but three—its own, represented by the corporate application filed on its behalf, plus two additional chances, represented by White's and Mueller's individual applications. Since appellant had more than one chance in the drawing, it was not a qualified applicant under section 507.31 of the administrative regulations. The Division of Lands was correct in holding that appellant was not entitled to the lease.

Appellant argues that it had only one chance at the drawing, because the regulation would have precluded appellant from making a successful claim for the lease or its benefits against White or Mueller had either been successful at the drawing. This argument is untenable. The regulation deals with the element of chance. When a lease drawing has been concluded and the successful applicant known, the element of chance is gone. What had been chance has now become something certain. The regulation pertains only to the situation which exists while the element of chance is present, and not afterwards. The regulation would have no pertinency in an action by a corporation claiming that one of its officers or directors held a lease as constructive trustee for the corporation. What the rights would be as between those parties

1. 11 Alaska Adm.Code § 507.31 (1964).

2. Diedrick v. Helm, 217 Minn. 483, 14 N.W.2d 913, 919, 153 A.L.R. 649 (1944); Durfee v. Durfee & Canning, Inc., 323 Mass. 187, 80 N.E.2d 522, 527, 529 (1948); Lutherland, Inc. v. Dahlen, 357 Pa. 143, 53 A.2d 143, 147 (1947); Guth v. Loft, Inc., 23 Del.Ch. 255, 5 A.2d 503, 510 (1939); McKay v. Wahlenmaier, 96 U.S.App.D.C. 313, 226 F.2d 35, 45–46 (1955).

3. American Inv. Co. v. Lichtenstein, 134 F.Supp. 857, 861 (E.D.Mo.1955); Industrial Indem. Co. v. Golden State Co., 117 Cal.App.2d 519, 256 P.2d 677, 686–687 (Dist.Ct.App.1953); Johnston v. Greene, 35 Del.Ch. 479, 121 A.2d 919, 923 (1956); Guth v. Loft, Inc., 23 Del.Ch. 255, 5 A.2d 503, 511–515 (1939); Durfee v. Durfee & Canning, Inc., 323 Mass. 187, 80 N.E.2d 522, 528–529 (1948); Henn, Corporations § 238, at 372 (1961).

would not be governed by the regulation. The regulation would be relevant after a drawing had been concluded only insofar as it was established that before the drawing took place an applicant had had more than one chance to be successful. If that is established, then the regulation can be invoked to disqualify such an applicant from securing the lease. That is what was done here.

■ Appellant contends that it could not have claimed the benefits of the lease had it been awarded to White or Mueller, because a full disclosure of their actions in filing their individual applications had been made to the corporation, and because the filing of applications by appellant's officers and directors was consistent with corporate policy. There was evidence that the members of appellant's board of directors had generally approved the appropriateness of officers and directors filing on the same land that the corporation had filed on, although it was not established that this in fact had ever been done prior to the filings in this case. But there was no evidence that the shareholders of the corporation had consented to such a policy generally, or that in this particular instance they had approved White's and Mueller's actions in filing in competition with appellant. In the absence of such approval by the shareholders, the business opportunity in this case was not within the legitimate scope of the individual interests of appellant's officers and directors.[4]

■ Appellant states that White and Mueller had at all times been open and above board and had acted in good faith in all their dealings here. That is apparently true. But it has no bearing on the decision of the issues in this case. A showing of bad faith is not essential to establish a duty on the part of officers or directors in connection with business opportunities which they wish to acquire for themselves.

The fact that a business opportunity is of such a nature that under the particular circumstances of the case it should fairly belong to the corporation is sufficient to establish a duty on the part of an officer or director to acquire the opportunity for the corporation.[5]

The judgment is affirmed.

---

4. In re Lerch's Estate, 399 Pa. 59, 159 A.2d 506, 513 (1960); Remillard Brick Co. v. Remillard-Dandini Co., 109 Cal. App.2d 405, 241 P.2d 66, 74–75 (1952).

5. Rosenblum v. Judson Engineering Corp., 99 N.H. 267, 109 A.2d 558, 563 (1954).