**FRONTIER SALOON, INC., Appellant,**

v.

**Allen SHORT and Richard Fitzgibbon, d/b/a Short Builders, a partnership, Appellees.**

**No. 2528.**

Supreme Court of Alaska.

Dec. 15, 1976.

Michael A. Thompson, Ketchikan, for appellant.

W. Clark Stump, Ketchikan, for appellees.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, ERWIN and BURKE, Justices.

PER CURIAM.

Frontier Saloon (Frontier) appeals from a judgment of the superior court affirming a judgment of the district court in the amount of $1,911.70 entered in favor of Allen Short and Richard Fitzgibbon, doing business as Short Builders, a partnership (Short), for work and labor performed. The case was originally tried by the district court without a jury. In essence, Frontier raises two contentions: first, that the superior court should have remanded the case to the district court for additional findings of fact or in lieu thereof made additional findings at the appellate level; and second, that there was insufficient evidence to support the decision of the district court.

A loosely worded contract was entered into whereby Short agreed to remodel a building for use by Frontier for the sum of $14,000.00. It was understood that oral modifications of the contract would occur, that additional sums were to be paid for extra work and that reductions were to be allowed in the event any of the work was not required. Upon completion of the work, Short requested payment for the original contract in the amount of $14,000.00 and asked $5,311.70 for extra work performed. Frontier paid the $14,000.00 plus $2,500.00 for extra work pending a resolution of disputes as to the quantity and quality of the work. Frontier contended that much of the work was inadequate or defective and considered the documentation for the charges for extra work unsatisfactory. Short brought suit for $5,294.97 with interest.[1] Frontier counterclaimed for damages in excess of $1,000.00.

The district court entered a decision holding that Short was entitled to payment on most of the original contract plus $5,311.70 for extra work performed, a total

1. This includes $2,811.70 on the total bill plus further damage of $2,483.27 due to additional work involved in oral modifications ordered by Frontier and because of time and effort involved in attempting to collect the balance owed.

of $19,311.70. Frontier was credited with the $16,500.00 previously paid, plus $900.00 for work performed on the ceiling that Short had contracted to perform. The final judgment was thus in favor of Short in the amount of $1911.70.

■ Before discussing Frontier's contentions with reference to the findings of fact, we address Short's argument that objections should have been filed to the proposed findings of fact before their entry by the district court,[2] or alternatively, that Frontier should have made a motion to amend the findings or make them more explicit. Short's contention is *without* merit, since the language of the applicable Alaska Rule of Civil Procedure is discretionary.

> . . . a party *may* serve a written detailed statement of objections to any such document and the reasons therefor.
> . . . [A.R.C.P. 78(b)] [emphasis ours]

■ In support of its contention that the findings were inadequate, Frontier points to Civil Rule 52(a)[3] which requires the trial court to make specific findings of fact and to Alaska case law which requires that the findings be clear enough to indicate to the reviewing court the factual basis for the ultimate conclusions. *Urban Development Co. v. Dekreon,* 526 P.2d 325, 328 (Alaska 1974); *Spenard Plumbing & Heating Co. v. Wright,* 370 P.2d 519, 525 (Alaska 1962); *Rogge v. Weaver,* 368 P.

2d 810, 814 n.7 (Alaska 1962). We are not here confronted, however, with a situation such as that discussed in *Graham v. Rockman,* 504 P.2d 1351, 1355 (Alaska 1972), where we remanded the case for additional findings due to our inability to ascertain from the findings whether the trial court had considered specific defenses and, if so, the basis for their rejection. While the court's findings here are brief and do not detail each of the numerous items in dispute, it is readily apparent that the trial court accepted Short's testimony and rejected Frontier's conflicting testimony as to the disputed items, with the exception of the allowance to Frontier of $900.00 for work done on the ceiling. We, therefore, hold that, while it would have been helpful to have more detailed findings, the findings here minimally comply with the requirements of our rules.

■ The remainder of Frontier's contentions pertain to whether the evidence supported the findings. Where there has been a prior appeal to the superior court, as an intermediate court of appeal, we approach the issues independently.[4] We look to the findings of the district court and apply the "clearly erroneous" standard of review. A "clearly erroneous" finding, which may be set aside on review, is one which leaves the supreme court with a definite and firm conviction on the entire record that a mistake has been made, although there may be evidence to support the

2. Civil Rule 78(b) provides:
   Within 5 days after service of any of the documents mentioned in subdivision (a), a party may serve a written detailed statement of objections to any such document and the reasons therefor. If objections are served within the time specified herein, the court may thereafter require the attorneys interested to appear before it, or it may sign the document as prepared by counsel for the successful party or as modified by the court.

3. Civil Rule 52(a) specifies:
   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court

shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall *not* be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. . . .

4. *See Jager v. State,* 537 P.2d 1100, 1106 (Alaska 1975); *State v. Marathon Oil Co.,* 528 P.2d 293, 298 (Alaska 1974).

finding.[5] Where a trial judge's decision depends largely on oral testimony of witnesses seen and heard by him and on inferences to be drawn from statements made, the reviewing court must give due regard to his opportunity to judge the credibility of such witness.[6] Finally, in reviewing a decision, we must take the view of the evidence most favorable to the prevailing party in the lower court.[7]

Frontier's brief itemizes 31 instances in which it is contended that Short admitted that charges were erroneous. We have reviewed the transcript pertaining to those contentions, and find that there is no conflicting evidence as to items totaling $540.-00.[8] There was testimony from Mr. Short which the trial court could have accepted in explanation of the other admissions.[9]

Accordingly, we remand to the superior court with instructions for it to remand the case to the district court for the purpose of reducing the judgment by the amount of $540.00.

AFFIRMED IN PART AND RE-MANDED.[10]

5. *Peters v. Juneau-Douglas Girl Scout Council*, 519 P.2d 826, 833 (Alaska 1974) ; *Moran v. Holman*, 514 P.2d 817, 818 (Alaska 1973).

6. *Kenai Power Corp. v. Strandberg*, 415 P.2d 659, 660 (Alaska 1966) ; *Hendricks v. Knik Supply, Inc.*, 522 P.2d 543, 547 (Alaska 1974) ; *Amick v. Metropolitan Mort. & Sec. Co.*, 453 P.2d 412, 415 (Alaska 1969).

7. *Graham v. Rockman*, 504 P.2d 1351, 1353–54 (Alaska 1972).

8. Short did admit to two defects for which he was responsible (out of Frontier's list of 20) and for which Frontier should receive an offset: one of his employees had smeared paint on the wallpaper in the bathroom ($20.00 to correct) and the closer which he installed on the entry doors had come loose ($15.00 to replace). On cross-examination, Short admitted that he had overcharged on five extra items: $200.00 for painting required by the contract and not done, $15.00 for hanging and $15.00 for painting the downstairs bathroom door which should have been initially hung and painted as charged, and $60.00 for tiling the dance floor which was reduced in size by two-thirds from the original contract and/or for tiling the area in front of the bar since the work was never done. Short also agreed to a $140.00 reduction on his charge for painting pipes.

9. Frontier claims that Short admitted the $600.00 charge for hanging the front doors was included in the original contract. Short's charge, however, was for making the doors, and both on direct and on cross-examination, Short testified that he finished the doors, put on hardware and built door jams. Although it asserts that Short overcharged for sheetrocking and taping in the restrooms, Frontier previously agreed to pay $350.00 for this work. Frontier claims that Short admitted extra charges of $150.00 and $80.00 for work which was neither authorized nor approved by Frontier—moving shelves and freezers. Short testified that he was forced to have his men move the shelves and freezers because they were in the way of the remodeling work. Short did admit responsibility for cleaning. However, he indicated that he had cleaned up. Frontier claims that Short admitted that the threshold of the fire exist door was improperly installed with soft wood which cracked. Short testified that the threshold of the door broke when a freezer was dropped on it, through no fault of his or his employees. To alleged admissions of defective installation of lock, tile and door, Short testified that all were working fine when he left the job and had since been damaged by the wind (the fire door) or by rough treatment from the bar's patrons. Short admitted that the toilet stalls were defective, but testified that he had brought in plywood of the proper thickness which Frontier had rejected. Short testified that he did not know whether he could agree to a $220.00 reduction for putting wood on beams and agreed to check his workbook. Although the workbook was never produced at trial, the trial court could have assumed that the $400.00 charge was accurate. Frontier claims that Short admitted charging for five hours of labor on a three-hour job. However, Short testified that the extra time was required because the adjoining store owner objected to the work, and he had to stop work until Frontier straightened out the problem. Frontier claims that Short admitted throwing away material without Frontier's knowledge or consent. Short directly contradicted this.

10. It is indeed unfortunate that settlement of this case could not have been accomplished without such expenditure of court time and effort as well as costs to the litigants, which we can only assume is out of all proportion to the sums involved.