**Hill H. MATHIS, Appellant,**

v.

**Bud F. MEYERES, Ray Kohler, and New State Lands, Inc., Appellees.**

**No. 3136.**

Supreme Court of Alaska.

Feb. 10, 1978.

Stephen D. Cramer, Dennis E. Cook, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellant.

---

William V. Boggess, Fairbanks, for appellees.

## OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

MATTHEWS, Justice.

This appeal arises from an action brought by Mathis against Meyeres, Kohler, and New State Lands, Inc. (New State) for the wrongful appropriation of a partnership opportunity.

In 1970, Mathis and Meyeres agreed to jointly purchase a 574 acre tract of land in Fairbanks. The acreage was purchased for the purpose of subdivision and eventual sale; soon thereafter it became known as Wildview Acres Subdivision. Contemporaneous with the purchase, Mathis and Meyeres entered into an informal oral partnership agreement. There is no evidence that they ever discussed any terms other than that they were to be equal owners.

In 1971, while the subdivision was being developed, the partnership purchased an adjacent 80 acre tract. Shortly after this acquisition, but also in 1971, Kohler was brought into the partnership as a one-third equal partner. In 1975, Meyeres, Kohler and New State purchased a 160 acre tract adjacent to the subdivision from the Sisters of Providence (Sisters). Meyeres and Kohler each acquired a one-fourth interest in the property, while New State acquired a one-half interest. Meyeres and Kohler deliberately did not afford Mathis or Wildview Acres Partnership an opportunity to participate in the purchase.

Mathis brought this action to impose a constructive trust on the Sisters property in favor of the partnership, contending that Meyeres and Kohler had wrongfully appropriated a partnership opportunity. Mathis also sought dissolution of the partnership, and the appointment of a receiver to conduct its winding up. The court found that there had been no wrongful appropriation. It ordered the winding up of the partnership by Meyeres and Kohler, but not Mathis, and refused to appoint a receiver.

On appeal, Mathis' contentions are fivefold:

(1) The court erred in refusing to impose a constructive trust on the property acquired by Meyeres, Kohler, and New State;

(2) He is entitled to participate in the winding up of the partnership;

(3) A receiver should have been appointed;

(4) A time schedule should have been established for the sale of partnership assets;

(5) Meyeres and Kohler should have been required to post a bond as a condition of the order permitting them to wind up the partnership.

We shall discuss each of these contentions in order.

## CONSTRUCTIVE TRUST

The parties are not in disagreement concerning the law governing business opportunities among partners. They correctly acknowledge that what we said in *Alvest, Inc. v. Superior Oil Corporation*, 398 P.2d 213, 215 (Alaska 1965) regarding the fiduciary relationship of corporate officers and directors to their corporation applies to the parallel relationship between partners and their partnership:

A corporate officer or director stands in a fiduciary relationship to his corporation. Out of this relationship arises the duty of reasonably protecting the interests of the corporation. It is inconsistent with and a breach of such duty for an officer or director to take advantage of a business opportunity for his own personal profit when, applying ethical standards of what is fair and equitable in a particular situation, the opportunity should belong to the corporation. Where a business opportunity is one in which the corporation has a legitimate interest, the officer or director may not take the opportunity for himself. If he does, he will hold all resulting benefit and profit in his fiduciary capacity for the use and benefit of the corporation.

Whether a business opportunity is a corporate one or one within the legitimate scope of the individual interests of the officer or director depends upon the facts and circumstances of each case. (footnotes omitted)

Reflective of the fiduciary relationship between partners is AS 32.05.160(a):

Every partner shall account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

The question in this case is whether the acquisition of the Sisters property was a transaction connected with the conduct of the partnership. The trial court concluded that it was not, finding that the partnership's "sole and primary purpose was to develop, subdivide and sell" the two tracts acquired by the partnership. The court further found:

That the partnership was entered into for the limited purpose of developing specific property and was not entered into as a general partnership organized for the purpose of buying any lands which might be profitably developed.

These findings are challenged as clearly erroneous.

█ This court has often said that a clearly erroneous finding is "one which leaves the supreme court with a definite and firm conviction on the entire record that a mistake has been made, although there may be evidence to support the finding." *Frontier Saloon, Inc. v. Short*, 557 P.2d 779, 781–782 (Alaska 1976). *See Fairbanks Publishing Co. v. Pitka*, 445 P.2d 685 (Alaska 1968); *Paskvan v. Mesich*, 455 P.2d 229 (Alaska 1969); *State v. Phillips*, 470 P.2d 266 (Alaska 1970); *State v. Abbott*, 498 P.2d 712 (Alaska 1972); *Moran v. Holman*, 514 P.2d 817 (Alaska 1973); *Peters v. Juneau-Douglas Girl Scout Council*, 519 P.2d 826 (Alaska 1974). In determining if a mistake has been made, the court must "take the view of the evidence most favorable to the prevailing party below." *Graham v. Rockman*, 504 P.2d 1351, 1353–54 (Alaska 1972) *citing Chirikoff Island Cattle Corp. v. Robinette*, 372 P.2d 791 (Alaska 1962). *See Frontier Saloon, Inc. v. Short, supra.*

█ We have considered the evidence in light of these standards and conclude that there was no error. Mathis and Meyeres became partners almost casually in the course of acquiring and holding a specifically identified tract of land. The partnership provided a means of sharing the expenses and profits resulting from development and sale of the property. It was not a general investment business. The partners were not pledged to spend any particular portion of their time looking after partnership affairs nor did they agree to refrain from buying land individually or from forming other partnerships to buy land. In fact, the evidence indicates that Meyeres was involved in other land investment entities formed both before and after the partnership was created; Mathis knew of these and made no complaint. The fact that the initial 574 acre tract was once enlarged may be taken as some evidence that the partnership purpose was modified to include the acquisition of adjacent lands which appeared to be sound investments. A question of fact was thus created. However, the court was not clearly erroneous in resolving it against Mathis. There is no testimony that such a modified general purpose was either discussed or agreed upon. In regard to the Sisters property specifically, Mathis testified that he had spoken with Meyeres several times about its acquisition by the partnership. Meyeres, however, testified that he could not recall these discussions and that if they had occurred he would have remembered them. We are required to take Meyeres' view of this matter on review. *Graham v. Rockman, supra.* Further, Kohler testified that it was his understanding upon joining the partnership that its scope was no broader than the development and sale of the property it then owned.

It is significant that knowledge of the Sisters property did not come to Meyeres as a result of his partnership with Mathis. Meyeres acquired knowledge of the availability of the Sisters property prior to the formation of Wildview Acres partnership. It first came to his attention when he was acting as an agent for the Sisters in 1968; he later expressed his interest in the land to the Sisters and was informed that he would be apprised of any plans to sell the property, understanding that he would have first opportunity to purchase the land.

## MATHIS' PARTICIPATION IN THE WINDING UP OF PARTNERSHIP AFFAIRS

■ Appellant next contends that he should have been entitled to participate in the winding up of the partnership. We agree. In its conclusions of law, the court provided "[t]hat the parties wind up the affairs of the partnership of Wildview Acres by the sale of the properties in the ordinary and natural course of business as heretofore conducted." However, the judgment provides that only Kohler and Meyeres wind up the affairs of the partnership. The judgment form was submitted by counsel for appellees who, at oral argument, acknowledged that it was erroneously prepared and that the judgment should be amended to include Mathis.

## APPOINTMENT OF RECEIVER

■ Mathis' next point on appeal is that a receiver should have been appointed to conduct the winding up of the partnership. Mathis' contention is without merit because he adduced no evidence to suggest any reasons for appointing a receiver. There is no indication in the record that the partnership assets will not be properly accounted for or that they are in danger of being lost through neglect, waste, misconduct, or insolvency. *International Trust Co. v. Decker Bros.*, 152 F. 78 (D.Alaska 1907).

## SCHEDULED SALE OF PARTNERSHIP ASSETS

■ Appellant's next contention is that the court should have established a definite time schedule for the sale of the partnership property. In support of this contention appellant cites no authority, and we are aware of none, requiring that deadlines be set in the winding up of a partnership. However, the superior court retains jurisdiction over the matter. If there is unreasonable delay in the winding up of the partnership, Mathis is free to apply to the court for appropriate relief.

## BOND

Appellant's final contention is that the trial court should have required Meyeres and Kohler to post a bond while they wound up the partnership to the exclusion of appellant. Since we have determined that an error was made in excluding Mathis from the winding up of the partnership this contention is moot.

The judgment of the superior court shall be modified so that Mathis shall participate with Meyeres and Kohler in the winding up of the partnership.

AFFIRMED AS MODIFIED.