GOLDSTEIN v KERN

Docket No. 77-1769. Submitted March 13, 1978, at Detroit.—Decided April 18, 1978.

Donald L. Goldstein brought a complaint against Samuel Kern alleging breach of an agreement to form a partnership. Defendant answered the complaint and moved for a more definite statement, which motion was granted. Plaintiff did not file a more definite statement but did file a more detailed complaint and a bill of particulars. The Oakland County Circuit Court, William J. Beer, J., then orally granted defendant's motion for summary judgment for failure to state a claim and failure to obey the court's order requiring a more definite statement. Plaintiff then requested leave to file an amended complaint prior to the signing of the summary judgment order. The request was denied on the basis that summary judgment had already been granted. Plaintiff appeals. *Held:*

Summary judgment for failure to state a claim was not appropriate on the count seeking damages for loss of partnership profits, since the amount of these damages, if any, is a question of fact and not an appropriate subject for summary judgment. Since the defendant responded to the plaintiff's complaint prior to his motion for a more definite statement he is precluded from filing that motion. The plaintiff should be allowed to file an amended complaint.

Reversed and remanded.

1. JUDGMENT—TIME OF EFFECT—SIGNING—ORAL PRONOUNCEMENTS.
   A judgment normally does not become effective until signed; in

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 6, 55, 70.
[2] 56 Am Jur 2d, Motions, Rules, and Orders §§ 19, 42, 44.
[3] 1 Am Jur 2d, Actions §§ 62–64.
   45 Am Jur 2d, Interference § 39.
[4] 45 Am Jur 2d, Interference §§ 39, 45 *et seq.*
   48 Am Jur 2d, Labor and Labor Relations §§ 45–47.
[5] 48 Am Jur 2d, Labor and Labor Relations § 9.
   53 Am Jur 2d, Master and Servant § 34.
[6] 73 Am Jur 2d, Summary Judgment § 26.
[7] 61 Am Jur 2d, Pleading §§ 201, 354.

order for an oral pronouncement to become binding as a judgment, the terms of the judgment must be read into the record, and the judge must declare that such statement is to be given immediate effect as a judgment without further action or signing of a written judgment.

2. MOTIONS—COMPLAINTS—AMENDMENT—DENIAL—COURT RULES.

Motions to amend a complaint must be freely given when justice so requires; a denial of such a motion, although discretionary, must be supported by specific findings as to why justice would not be served by the amendment (GCR 1963, 118.1).

3. CONTRACTS—TORTIOUS INTERFERENCE—COMPLAINTS.

A plaintiff fails to state a cause of action for the tortious interference with a contractual relationship where he never alleges in his complaint that he actually entered into the contractual relationship allegedly interfered with.

4. ACTION—ECONOMIC ADVANTAGE—EMPLOYMENT—THIRD PARTIES— EMPLOYERS—EMPLOYEES.

A plaintiff has no cause of action where he alleges that the defendant interfered with the plaintiff's prospective economic advantage by inducing the plaintiff away from employment with a third party; such a cause of action rests with the third person losing the services of the one induced and not with the person induced.

5. ACTION—EMPLOYERS—EMPLOYEES—DISCHARGE—CONTRACTS—DETRI-MENTS—RELIANCE.

A plaintiff-employee has no cause of action for wrongful discharge from employment where his employment contract was terminable at will; the employee's detrimental reliance in foregoing another employment opportunity with a third party in order to accept offered employment with the defendant-employer does not estop the employer from terminating the employment contract.

6. JUDGMENT—SUMMARY JUDGMENT—DISSOLUTION OF PARTNERSHIP— DAMAGES—QUESTIONS OF FACT.

The amount of damages caused by the wrongful dissolution of a partnership is a question of fact and not an appropriate subject for summary judgment for failure to state a claim in an action where the plaintiff seeks damages for loss of partnership profits.

7. MOTIONS—MORE DEFINITE STATEMENTS—TIME TO FILE—COURT RULES.

A party who is objecting to an opposing party's pleading must file a motion for a more definite statement prior to responding to the pleading, otherwise the party will be precluded from filing such a motion (GCR 1963, 115.1).

*Hiller, Howard, Larky & Hoekenga,* for plaintiff.

*Lawrence J. Stockler* (by *Barry D. Herbach),* for defendant.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff appeals from an order granting defendant's motion for summary judgment for failure to state a claim and failure to obey an order of the court requiring plaintiff to file a more definite statement.

The case arises out of the breach of an agreement to form a partnership. According to plaintiff's complaint, he had been offered employment with a competitor of defendant. When he told defendant he intended to accept the offer, defendant offered plaintiff a partnership interest in the new store he was opening. Plaintiff accepted, and the parties signed an agreement to form a partnership upon the purchase of the store. Plaintiff turned down the offer from defendant's competitor. After the store had been opened approximately 6 months, defendant, without consulting plaintiff, sold the store and terminated plaintiff's employment.

Plaintiff then commenced this lawsuit. The complaint was filed, defendant answered and moved for a more definite statement. The motion was granted. Plaintiff did not file a more definite statement but did file a more detailed complaint and a

bill of particulars. Defendant moved for summary judgment which the trial court orally granted at the close of the hearing. Before the order was signed, however, plaintiff requested leave to file an amended complaint. The trial court denied the request, stating that summary judgment had already been granted. Plaintiff was informed that his sole basis for relief was a motion to set aside the judgment. That motion was also denied.

The first issue in this case is whether summary judgment had been granted before plaintiff made the motion to amend his complaint. Although a judgment may become effective merely upon its oral pronouncement by the trial court, the normal rule is that a judgment does not become effective until signed. *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977).[1] In order for an oral pronouncement to become binding as a judgment, the terms of the judgment must be read into the record, and the judge must declare that such statement is to be given immediate effect as a judgment without any further action or signing of a written judgment. *Tiedman*, at 577. A review of the record in this case clearly shows that the trial court's oral pronouncement did not possess these

---

[1] Defendant attempts to distinguish *Tiedman, supra,* by claiming that it involved a consent judgment which is not a judgment act but an act between the parties needing consent as to substance and form before becoming valid. *See, Norton Shores v Carr,* 59 Mich App 561; 229 NW2d 848 (1975). Defendant contends that although a written judgment was necessary in *Tiedman* because of its consensual nature, no such document is needed in the present case which involves a judicial decree. Defendant misconstrues *Tiedman. Tiedman* involved more than a consensual property settlement. *Tiedman* held that the divorce itself was not effective without a written judgment. Although property settlements may be consensual, the act of decreeing the parties divorced is not. The parties may not merely file for divorce and then consent to a divorce judgment without participation of the court. A decree of divorce needs judicial imprimatur to be effective. See GCR 1963, 728.2(2). Therefore, the judgment in *Tiedman* related to a judicial act, not merely an act between the parties. As such it is not distinguishable but instead controlling.

characteristics. Summary judgment, therefore, did not become effective before plaintiff moved to file his amended complaint.

Motions to amend must be "freely given when justice so requires". GCR 1963, 118.1. Moreover, a denial of such a motion, although discretionary, must be supported by specific findings as to why justice would not be served by the amendment. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). No such findings were given in the present case. Therefore, the motion to amend the complaint should have been, and hereby is, granted. GCR 1963, 820.1(7).

An examination of this amended complaint, however, discloses that summary judgment is appropriate for various of the counts presented.

Count II, alleging that defendant tortiously interfered with plaintiff's contractual relationship, fails to state a cause of action because plaintiff never alleged that he actually entered into a contract with defendant's competitor. There was no contract: consequently, defendant could not have tortiously interfered with it.

Count III, alleging interference with plaintiff's prospective economic advantage, also does not state a claim. The cause of action in such a claim rests not with the person induced, but with the person losing the services of the one induced. See Restatement of Torts, § 766, Comment k. Therefore, defendant's competitor might conceivably have a cause of action against defendant for inducing plaintiff away from him, but plaintiff as the party induced, not the party protected, has no cause of action under this doctrine.

Plaintiff has no cause of action for wrongful discharge. The employment contract was terminable at will. An employee's detrimental reliance in

foregoing another employment opportunity in order to accept the offered employment does not estop the employer from terminating his employment contract. The action of plaintiff in rejecting the offer of employment from defendant's competitor was only a necessary incident in placing himself in a position to accept defendant's offer. *Lynas v Maxwell Farms*, 279 Mich 684; 273 NW 315 (1937). Therefore, summary judgment is appropriate on the wrongful discharge count.

Summary judgment is not appropriate, however, on Counts I and V of plaintiff's complaint which seek damages for loss of partnership profits. The parties entered into an agreement to become partners upon the purchase of the clothing store mentioned in the agreement. Once the store was purchased, the partnership came into existence. Defendant's unilateral sale of the store, the sole property of the partnership, caused its wrongful dissolution, making defendant liable to plaintiff for damages caused by the dissolution. The amount of these damages, if any, is a question of fact and not an appropriate subject for summary judgment for failure to state a claim.

Finally, the defendant responded to plaintiff's complaint before moving for a more definite statement. GCR 1963, 115.1 clearly states that such motions must be made prior to responding to the objectionable pleading. Having failed to do this, defendant is precluded from filing the motion, and the granting of the motion by the trial court was therefore erroneous and will not serve as a basis for summary judgment.

Plaintiff is allowed to file his amended complaint. We reverse and remand for proceedings consistent with this opinion.