**Steven GECZY, Appellant,**

v.

**Lester LaCHAPPELLE, Appellee.**

**No. 5526.**

Supreme Court of Alaska.

Nov. 20, 1981.

---

Brent M. Wadsworth, Wadsworth, Stanley & Yerbich, Anchorage, for appellant.

Saul R. Friedman, Hedland, Fleischer & Friedman, Anchorage, for appellee.

Before RABINOWITZ, C.J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

RABINOWITZ, Chief Justice.

In the superior court, Lester LaChappelle sued Steven Geczy for damages for the latter's breach of a partnership agreement. LaChappelle advanced three claims for relief: first, a partnership agreement and Geczy's breach of a material provision of the agreement; second, a partnership agreement into which LaChappelle was induced to enter in reliance upon material misrepresentations of fact and fraudulent statements made by Geczy; and third, a claim grounded upon Geczy's breach of his fiduciary duty, as a partner of LaChappelle, to make full and fair disclosure of all material facts pertinent to the parties' partnership venture.[1] After a non-jury trial, the superior court found for LaChappelle on all three claims and awarded him $25,000 in damages.[2] This appeal followed. We affirm.

The evidence shows that Geczy and LaChappelle, in July 1975, entered into a partnership for the purpose of engaging in a number of business ventures, including the operation of a sawmill and a cattle ranch on Sitkinak Island in Alaska. Geczy was to contribute a lease of grazing lands on Sitkinak Island covering some 17,000 acres, and sufficient capital to get the ventures started. LaChappelle was to furnish the labor, materials, equipment, and supplies needed for the undertaking, including the construction of a sawmill. In furtherance of the partnership agreement, LaChappelle rendered considerable services in carrying out numerous preparatory tasks.

---

1. LaChappelle also advanced a fourth claim for punitive damages, which was dismissed by the superior court. No cross-appeal has been taken from this determination.

2. The superior court filed a Memorandum of Decision. Civil Rule 52(a) provides in part: "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."

During the course of LaChappelle's and his family's preparatory labors,[3] relations between Geczy and LaChappelle deteriorated. Their dispute centered on whether Geczy's cattle on Sitkinak Island were included in the partnership agreement.[4] LaChappelle claimed that pursuant to their oral agreement the herd of cattle on Sitkinak Island was part of the cattle ranching partnership agreement, but Geczy refused LaChappelle's request to put this into writing. Geczy claimed he never agreed to give LaChappelle a share in the herd.

The superior court found that

the parties ... did agree on a cattle ranching operation and that the existing cattle were to be included. The undisputed testimony was that excess bulls were to be taken out of the herd on Sitkinak Island and transported to Kodiak almost as soon as the parties arrived at Sitkinak. The proceeds from the cattle and round logs were to be used for operating capital.

The agreement between the parties was that after all expenses were paid, the proceeds were to be split, fifty percent for Lester LaChappelle and fifty percent for Steven Geczy.

Under the circumstances disclosed by the evidence, the existing cattle were included in the partnership and Steven Geczy breached that agreement.

In this appeal, Geczy contends that the superior court erred in finding that the oral partnership agreement between the parties included the existing cattle on Sitkinak Island. We have often held that "[w]here the existence of an oral contract and the terms thereof are the points in issue and the evidence is conflicting, it is for the trier of the facts to determine whether the contract did in fact exist, and if so, the terms thereof." [5] Here, the superior court, sitting without a jury, specifically found that the parties' oral partnership agreement included the existing herd of cattle on Sitkinak Island. Under Civil Rule 52(a), this finding is binding upon this court unless it is clearly erroneous.[6]

■ After reviewing the conflicting evidence, and guided by Civil Rule 52(a) and the rule that requires an appellate court to take the view of the evidence most favorable to the prevailing party at trial,[7] we are of the view that the superior court's finding that the oral agreement included the existing cattle herd was not clearly erroneous.

■ For his second specification of error, Geczy advances the related argument that the superior court erred in finding that he breached the partnership agreement as to the existing cattle on Sitkinak Island. Applying the same appellate criteria referred to in regard to Geczy's first claim of error,

---

3. LaChappelle's three sons also contributed their efforts, helping their father prepare for the partnership activities on the island. The LaChappelle sons joined their father as plaintiffs in the lawsuit, but the trial court found that they were not parties to the partnership agreement between Geczy and the elder LaChappelle. The LaChappelle sons have not appealed this determination.

4. Geczy had advised LaChappelle that he owned 100–200 head of cattle on Sitkinak Island. The parties agree that increases in the herd of cattle were to be divided equally between Geczy and LaChappelle; the disagreement that gave rise to this lawsuit is whether Geczy had agreed to give LaChappelle a fifty percent interest in the cattle already on the island when the partnership was formed.

5. *L.E. Spitzer Co. v. Barron*, 581 P.2d 213, 216 (Alaska 1978) (footnote omitted), *quoting Jackson v. White*, 556 P.2d 530, 532 (Alaska 1976); *B.B. & S. Construction Co. v. Stone*, 535 P.2d

271, 273 (Alaska 1975); *Nordin v. Zimmer*, 373 P.2d 738, 741–42 (Alaska 1962).

6. Alaska R.Civ.P. 52(a) provides in part:
   Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.
   A clearly erroneous finding is
   "one which leaves the supreme court with a definite and firm conviction on the entire record that a mistake has been made, although there may be evidence to support the finding."
   *Mathis v. Meyeres*, 574 P.2d 447, 449 (Alaska 1978), *quoting Frontier Saloon, Inc. v. Short*, 557 P.2d 779, 781–82 (Alaska 1976) (per curiam).

7. *Jackson v. White*, 556 P.2d 530, 533 (Alaska 1976).

we conclude that he has failed to demonstrate that the superior court's finding of a breach of the partnership agreement was clearly erroneous.[8]

■ Geczy, in his next specification of error, asserts that the superior court erred in granting LaChappelle damages for breach of the partnership agreement rather than limiting LaChappelle's relief to an accounting and liquidation under Alaska's version of the Uniform Partnership Act. Geczy's contention is that the usual remedy upon dissolution of a partnership is an accounting of the partnership affairs and a liquidation of the partnership assets. Geczy complains that the superior court, instead of applying the relevant statutory provisions relating to dissolution, erroneously treated the matter as one involving a breach of contract and therefore wrongly allowed contract damages.[9] The short answer to Geczy's position is found in the Uniform Partnership Act's provisions relating to partnership dissolutions.

AS 32.05.330(b)(1)(B) provides:

When dissolution is caused in contravention of the partnership agreement the rights of the partners are as follows.

(1) Each partner who has not caused dissolution wrongfully has

(A) All the rights specified in (a) of this section [to have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners], and

(B) *the right, as against each partner who has caused the dissolution wrongfully, to damages for breach of the agreement.* (Emphasis furnished.)

We hold that AS 32.05.330(b)(1)(B) authorizes the superior court's award of damages to LaChappelle for Geczy's breach of the partnership agreement.[10]

---

8. As previously noted, the superior court found that Geczy had repudiated an agreement to provide LaChappelle with one-half of the existing cattle on the island. Although not necessary to sustain the superior court's overall judgment in the case, since we conclude that Geczy's breach as to the existing cattle was of *sufficient magnitude to support the award of* damages, we note that the superior court also found that

Geczy breached the partnership agreement by not providing the long term grazing lease, by not having a log salvage permit and by not having any permit to engage in commercial lumbering on the island.

The trial court further found that

Geczy had represented that he had a long term lease on Sitkinak Island and that the terms of the lease allowed him to do all of the things contemplated by the parties.

. . . .

Clearly, it was contemplated by LaChappelle that Geczy had the right to salvage logs on Sitkinak Island and the right to engage in a commercial lumbering operation on the Island. He had neither.

In our view, the record amply supports the superior court's findings regarding these additional breaches on Geczy's part, and thus supports the superior court's judgment on the second and third claims for relief (misrepresentation and breach of a partner's fiduciary duties).

9. Statutory provisions regarding dissolution and the winding up of partnerships are found at AS 32.05.240–.380. Geczy apparently relied on AS 32.05.240 and 32.05.330(a). AS 32.05.-240 provides:

The *dissolution of a partnership is the* change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

AS 32.05.330(a) reads in part:

When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his copartners and all persons claiming through them in respect of their interest in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners.

By breaching the partnership agreement Geczy caused the partnership to be dissolved. AS 32.05.330(a) does not apply, however, since dissolution was "in contravention of the partnership agreement."

10. *See also* AS 32.05.340 (rights where partnership contract is rescinded for fraud or misrepresentation); *Goldstein v. Kern*, 82 Mich.App. 723, 267 N.W.2d 165 (1978). *Cf. L.E. Spitzer Co. v. Barron*, 581 P.2d 213 (Alaska 1978) (upholding award of damages for breach of joint venture agreement).

The superior court's award of damages is also sustainable in relation to the breach of fiduciary duty claim for relief. Without acting fraudulently, a partner may breach the partnership agreement or a fiduciary duty thereunder

Geczy's last assertion of error is that the trial court erred in finding that LaChappelle's damages were $25,000.[11] We find no merit in this contention.[12]

AFFIRMED.

by failing to perform or by repudiating the agreement. If the enterprise is in its formative stage, a court may award contract-type reliance damages. *See, e. g., Kolb v. Dietz*, 454 S.W.2d 632 (Mo.App.1970) (breach of partnership agreement to operate golf driving range; damages measured by the reasonable value of the plaintiff's services); *Webster v. Beau*, 77 Wash. 444, 137 P. 1013 (1914) (breach of partnership contract to engage in fur trading in Alaska; reliance damages awarded). *See also Shriver v. Cook*, 256 Iowa 271, 127 N.W.2d 102 (1964), where, on facts similar to the instant case, the court upheld an award of reliance damages measured by the value of the services rendered by the plaintiffs; the court reached its conclusion without referring to partnership law.

11. The superior court found:

Inasmuch as Steven Geczy evicted the plaintiff Lester LaChappelle from Geczy's property, where all of the partnership assets were located and breached the partnership agreement, I believe an award of monetary damages is appropriate. I have considered that Lester LaChappelle is semi-retired but has substantial earning capacity and the labor performed by William, Terry and Lee LaChappelle, as well as the fact that they were apparently compensated for work done outside the partnership on behalf of Geczy.

I find that plaintiffs are entitled to recover the sum of Twenty-five Thousand Dollars ($25,000.00) plus interest from May 27, 1976, costs and attorney fees.

The superior court additionally found that there is no evidence to support a conclusion that William, Terry or Lee LaChappelle entered into any partnership agreement with Geczy. The testimony was all to the effect that they looked to their father for compensation out of his interest in the partnership profits.

12. Geczy's argument is that, in arriving at the $25,000 damage award, the superior court erroneously included the value of services rendered by LaChappelle's three sons. Although the court found that the LaChappelle sons were not parties to the partnership agreement, *see* note 3 *supra*, and hence were not entitled to recover, the court nonetheless referred to "plaintiffs" in the plural when ordering the $25,000 award. We think it clear that, notwithstanding this apparent discrepancy between the court's findings and the court's award of damages, the trial court intended the damage award to be compensation solely for the services rendered by the elder LaChappelle; our review of the record has persuaded us that the award is adequately supported by reference to the elder LaChappelle's services alone.