**Barbara TORSKY, Plaintiff,**

v.

**AVON PRODUCTS, INC., Defendant.**

**No. G87–335 CA.**

United States District Court,
W.D. Michigan, S.D.

Aug. 26, 1988.

Timothy J. Bott, Muskegon, Mich., for plaintiff.

Epstein, Becker, Borsody & Green by Gary E. Murg, Detroit, Mich., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Barbara Torsky filed the instant action against defendant Avon Products, Inc. ("Avon") alleging breach of contract, retaliatory discharge, and handicap discrimination under Michigan law. The facts giving rise to the cause of action involve Avon's alleged refusal to return plaintiff to her former position or, alternatively, to a comparable position following a leave of absence for a work-related back injury. Presently pending before the Court is Avon's motion for judgment on the pleadings or summary judgment. For reasons stated below, defendant's motion is granted in part and denied in part.

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), like a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), should be granted only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In contrast, summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Sons*, 668 F.2d 905, 908 (6th Cir.1982); *Chesapeake & Ohio Ry. v. City of Bridgman*, 669 F.Supp. 823, 824 (W.D.Mich. 1987). There is no material issue of fact for trial unless, in viewing the evidence in favor of the non-moving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this has been done, the non-moving party must come forward with specific facts to rebut that showing. Federal Rule of Civil Procedure 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–54. If, however, after adequate discovery, the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## ANALYSIS

Avon has moved for summary judgment on Count I of plaintiff's complaint on the ground that Torsky has failed to present sufficient evidence to support the existence of an implied contract with dismissal only for cause. Under Michigan law, contracts of an employment for an indefinite term are generally terminable at will. *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 598, 292 N.W.2d 880 (1980). However, where an

employer, through formal or informal actions, adopts a policy of discharge for cause only, an employee has a right to rely on that policy and may not be discharged in violation thereof. *Id.* In order to withstand defendant's motion for summary judgment, there must be evidence presented that Avon, through formal or informal actions, adopted a policy of discharge only for cause.

The Court has reviewed Count I of the complaint, defendant's argument in support of its motion for summary judgment on Count I, and the evidence presented in support thereof. In this case, it is undisputed that plaintiff was not hired pursuant to a written contract. The only written employment policies before the Court neither state nor imply that Avon's employees could be terminated only for cause. Avon has presented evidence that Torsky had no unconditional right to be returned to her former position after her medical leave of absence. The undisputed evidence establishes that Avon's policy was to return such individuals only if the medical leave was for three months or less. After three months, the company's policy was to retain such workers only if circumstances permitted. There is also evidence presented that at the time Torsky sought to return to work, her former position was no longer available. In addition, there is undisputed evidence that Avon made clear the fact that the company might not be able to hold plaintiff's position and that there was no guarantee that Torsky would be reinstated. This evidence directly controverts Torsky's contention that she could only be discharged for cause.

Moreover, Torsky's own deposition testimony fails to establish that Avon had a "just cause" policy in effect. Plaintiff failed to identify any policy manual or other document containing statements or policies establishing termination of employees for cause only. When asked for evidence in support of her contention that dismissals were only for cause, the only evidence offered was that Torsky had seen the company give warnings to other managers, that Torsky had been told that there was a good future with Avon, and that all of her supervisors liked her work. Torsky admitted that Avon never notified employees that specific grounds for dismissal existed.

Based on the evidence presented, the Court must conclude that Torsky has failed to present sufficient evidence in support of a "just cause" contract of employment. In light of the undisputed evidence negating an employment contract terminable only for just cause, the contract at issue was an "at will" contract which could be terminated with or without cause. Plaintiff has produced no evidence to the contrary. At best, the evidence relied upon by Torsky to support her claim only establishes that plaintiff had a subjective expectation of dismissal only for cause. However, "plaintiff's subjective expectation does not create an enforceable contract right." *Dell v. Montgomery Ward & Co.,* 811 F.2d 970, 974 (6th Cir.1987); *Dzierwa v. Michigan Oil Co.,* 152 Mich.App. 281, 290, 393 N.W. 2d 610 (1986). Accordingly, Avon's motion for summary judgment on Count I of Torsky's complaint must be granted.

█ Avon has moved for judgment on the pleadings with respect to Counts II and V of plaintiff's complaint. Count II of plaintiff's complaint alleges an independent cause of action for "Detrimental Reliance." Count V of plaintiff's complaint alleges an independent cause of action for "Negligent Evaluation." Avon contends that neither cause of action exists independently of plaintiff's breach of contract claim and that neither claim is cognizable under Michigan law. It is well established that in order to maintain a separate tort action under Michigan law, tortious conduct must exist independent of the facts giving rise to a breach of contract claim. *Valentine v. General American Credit,* 420 Mich. 256, 362 N.W.2d 628 (1984). Torsky's allegations with respect to Avon's negligent performance of the contract are directly related to the issue of whether there was just cause for her dismissal. These allegations are integrally related to the company's duties under the employment contract and do not give rise to a separate negligence action. *Haas v. Montgomery Ward & Co.,* 812 F.2d 1015, 1016–17 (6th Cir.1987);

*Brewster v. Martin Marietta Aluminum Sales, Inc.*, 145 Mich.App. 641, 668, 378 N.W.2d 558 (1985). As a result, Avon is entitled to judgment on the pleadings with respect to that claim.

Likewise, to the extent that an independent cause of action for detrimental reliance exists under Michigan law, something more than foregoing other employment opportunities must be pled and established. In *Goldstein v. Kern*, 82 Mich.App. 723, 727, 267 N.W.2d 165 (1978), the Michigan Court of Appeals refused to recognize such a claim. The court held that "An employee's detrimental reliance in foregoing another employment opportunity does not estop the employer from terminating his employment contract." *Id.* In order to maintain a detrimental reliance claim, plaintiff must plead and prove special factors which establish that an exception to this rule applies. *See Schipani v. Ford Motor Co.*, 102 Mich.App. 606, 302 N.W.2d 307 (1981). In the instant case, Torsky has failed to allege or present evidence of the existence of any special factors which would support the maintenance of detrimental reliance claim, either as part of the breach of contract claim or as a separate cause of action. Accordingly, Count V of the complaint must also be dismissed.

■ Avon has also moved for dismissal of Count III of Torsky's complaint which alleges violations of Michigan Handicappers' Civil Rights Act ("Handicappers' Act"), M.C.L.A. § 37.1101, *et seq.*, Avon contends that plaintiff has failed to allege or present evidence that Torsky was "handicapped" within the meaning of the statute. Alternatively, Avon contends that plaintiff should be estopped from asserting her claim for handicap discrimination based on the inconsistent position advanced by Torsky in the hearing before the Worker's Compensation Board.

Under the Handicappers' Act, a person is handicapped if he or she possesses a physical disability which is unrelated to the individual's ability to perform the requirements of a particular job. M.C.L.A. § 37.1103(b)(i).[1] However, the requirement that the disability must be unrelated to the individual's ability to perform particular job duties must be read in conjunction with the act's requirement that the employer accommodate a handicapped employee unless the employer demonstrates that the accommodation would impose an undue hardship. M.C.L.A. § 37.1102(2). Thus, under Michigan law, a person with a back injury is "handicapped" within the meaning of the Handicappers' Act if, due to a back injury, she is unable to function without physical restrictions and if the employer can accommodate the physical restrictions without undue hardship. *See Gloss v. Motor Corp.*, 138 Mich.App. 281, 360 N.W.2d 596, 598 (1984); *Wardlow v. Great Lakes Express Co.*, 128 Mich.App. 54, 339 N.W.2d 670 (1983).

A review of plaintiff's complaint reveals that, while the express term "handicap" is not used, the facts as alleged are sufficient to assert a claim for handicap discrimination under Michigan law. Plaintiff has alleged and presented evidence of the existence of a work-related back injury which rendered her unable to perform without physical restrictions. There is also evidence presented from which it could be inferred that Torsky's handicap could have been accommodated with minimal expense or interference with Avon's business interests. In addition, there is evidence presented from which reasonable minds could conclude that Torsky's handicapped status was a significant factor in Avon's decision not to return Torsky to her former position or to a comparable available position. The Court cannot say as a matter of law that plaintiff cannot establish the existence of her handicap. Likewise, the Court cannot

---

1. Specifically, M.C.L.A. § 37.1103(b)(i) provides the following definition of a "handicap":

   [A] determinable physical or mental characteristic of an individual or a history of a characteristic which may result from disease, injury, congenital condition of birth, or functional disorder, which characteristic is unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the individual's qualifications for employment or promotion.

say as a matter of law that plaintiff cannot prevail on her claim of handicap discrimination. Resolution of Count III of plaintiff's complaint must await full development of the record at trial. Avon's motion for judgment on the pleadings or summary judgment on plaintiff's handicap discrimination claim is denied.

■ In addition, the Court finds that neither the doctrine of judicial estoppel nor equitable estoppel are applicable in the instant case. The doctrine of judicial estoppel applies to prevent a party who has successfully and unequivocally asserted a position in a prior proceeding from asserting an inconsistent position in a subsequent proceeding where the party has been successful in the position advanced. *See Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir.1982). The doctrine of equitable estoppel prevents a party from taking a contradictory position in a latter proceeding with that taken in a prior judicial proceeding involving the same parties. *Murdock v. Michigan HMO*, 169 Mich.App. 324, 425 N.W.2d 544, 547–48 (1988). A review of the evidence presented on this issue reveals that plaintiff asserted a claim for *partial disability* before the Worker's Compensation Board. Throughout the proceedings, Torsky maintained that she was capable of performing her duties with Avon with minimal restrictions. Thus, there is no inconsistency with the position advanced in this case. Avon's motion for summary judgment on that basis is denied.

Count IV of Torsky's complaint alleges retaliatory discharge in violation of Michigan public policy. Torsky alleges that Avon "terminated her employment" in retaliation for the filing of a worker's compensation claim or, alternatively, to avoid future worker's compensation claims. Avon has moved for dismissal of this count on the ground that the Court lacks jurisdiction over plaintiff's claim for retaliatory discharge. In addition, Avon argues that Torsky's "anticipatory" retaliation claim fails to state a claim upon which relief may be granted. After a review of plaintiff's pleadings, the applicable statutes and relevant case law, the Court finds that plaintiff has stated an actionable claim in Count IV

with respect to Torsky's retaliatory discharge claim arising out of the past filing of a worker's compensation claim but not with respect to the claim arising out of retaliatory action in response to anticipated claims.

■ Several Michigan courts have addressed the issue of the exclusive remedy provision of the Worker's Disability Compensation Act ("Worker's Compensation Act"), M.C.L.A. § 418.131, in conjunction with retaliatory discharge claims. Most of the courts addressing the issue have implicitly rejected the notion that a claim for retaliatory discharge is barred by the exclusive remedy provision of the act. *See Suchodolski v. Gas Co.*, 412 Mich. 692, 694–95, 316 N.W.2d 710 (1982); *Sventko v. The Kroger Co.*, 69 Mich.App. 644, 245 N.W.2d 151 (1976). *See also Clifford v. Cactus Drilling Corp.*, 419 Mich. 356, 375, 353 N.W.2d 469 (1984) (Williams, C.J., dissenting). The reasoning advanced in these cases is persuasive and leads this Court to likewise conclude that the Court has jurisdiction to hear plaintiff's retaliatory discharge claim. Accordingly, defendant's motion for judgment on the pleadings on the basis of lack of jurisdiction over Count IV is denied.

■ However, with respect to the second issue raised, the Court must determine whether, under Michigan law, a claim for retaliatory discharge in anticipation of future worker's compensation claims is actionable. As previously noted, in most cases, absent a contractual provision to the contrary, employment contracts for an indefinite term are terminable at will. *Toussaint, infra.* "However, an exception to the at will doctrine has been recognized, based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable. Most often these proscriptions are found in explicit legislative statements prohibiting the discharge." *Suchodolski*, 412 Mich. at 694–95, 316 N.W.2d 710. In this case, the public policy with respect to retaliatory discharge related to worker's compensation claims is embodied in Michigan Compiled Laws Section 418.301(11). This provision explicitly prohibits retaliatory discharges based on the past filing of worker's com-

pensation claims.[2] In *Wilson v. Acacia Park Cemetery Ass'n*, 162 Mich.App. 638, 646, 413 N.W.2d 79 (1987), the court held that allegations of retaliatory discharge premised upon the employer's anticipation of a future claim does not state a legally cognizable cause of action. In reaching its decision, the court stated that "[s]ince the Legislature has not chosen to articulate a public policy against discharge for future claims on the same footing as discharge for past claims, we hesitate to accomplish the same end by judicial fiat." *Id.* In the absence of new legislation broadening the scope of retaliatory discharge claims related to worker's compensation claims or, in the alternative, a pronouncement from the Michigan Supreme Court or the Sixth Circuit Court of Appeals acknowledging such a claim, this Court is bound by the Michigan appellate court's ruling on this issue. As a result, Avon is entitled to dismissal of that portion of Count IV of Torsky's complaint for retaliatory discharge based on future worker's compensation claims.

### CONCLUSION

In conclusion, Avon's motion for judgment on the pleadings or summary judgment is granted in part and denied in part. The motion for summary judgment on Count I of the complaint is granted. The motion for judgment on the pleadings on Counts II and V of the complaint is granted. The motion for judgment on the pleadings or summary judgment on Count III of the complaint is denied. The motion for judgment on the pleadings on Count IV is granted with respect to the claim of retaliatory discharge premised on future worker's compensation claims and denied with respect to the claim of retaliatory discharge premised on past worker's compensation claims.

---

**2.** Michigan Compiled Laws Section 418.301(11) provides as follows:

A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.